UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:22-cv-1201-BHH

| | | |
|---|---|---|
| STACIE WHISONANT,<br><br>Plaintiff,<br>vs.<br><br>EXCLUSIVE PROPERTIES, LLC,<br>HOMEAWAY.COM, INC.,<br>VRBO.COM, INC.<br>Defendant. | ) | **COMPLAINT**<br><br>Case No. 2:22-cv-1201-BHH<br><br>**(JURY TRIAL DEMANDED)** |

This action is necessary to protect the civil rights of Plaintiff who has been systematically injured by the pertinent discriminatory acts or practices committed by the above named Defendants, their agents, representatives, and servants of any type. This action is necessary and increasingly important to protect the civil rights of Plaintiff and all others similarly situated that participate in the ever expanding "sharing economy," in which mostly web based businesses connect people offering goods and services with other people who want to pay for them. The above name Defendants participate in the sharing economy by offering consumers like Plaintiff the ability to "rent a house for half the price of a hotel."

This is an action to remedy racial discrimination in rental units or places of public accommodation in violation of Title II Of The Civil Rights Act Of 1964, Federal Civil Rights Statute 42 U.S.C. § 1981, Fair Housing Act and South Carolina's Right To Equal Enjoyment And Privileges To Public Accommodations Act.

## JURISDICTION

1. Personal jurisdiction exists over Defendants as they conduct business and have the necessary minimum contacts within the State of South Carolina, Charleston Division. The Defendants' principal offices are located in this judicial district.
2. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28.U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).
3. Federal question jurisdiction exists because this lawsuit is brought under federal laws pursuant to 28 U.S.C. §1331
4. Supplemental jurisdiction exists over the state claim pursuant to 28 U.S.C. §1367.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendants either have principal offices in this district or conduct business in this judicial district and have principal offices in this judicial district; and the location of the desired rental property offered by Defendants is located within this judicial district.

## PARTIES

6. Stacie Whisonant is an African American female resident of the State of South Carolina, Greenville County, and she is a service connected disabled veteran.
7. Defendant EXCLUSIVE PROPERTIES, LLC is a duly registered business formed in the State of South Carolina and its principal office is located at 1116 Palm Blvd , Isle of Palms SC 29451.
8. HOMEAWAY.COM INC. is a duly registered business incorporated in the State of Texas and its principal offices are located at 1011 W 5th Street, Austin, TX 78703-5311.
9. Defendant VRBO.COM INC. is a duly registered business incorporated in the State of Texas and its principal offices are located at 211 E 7th Street, Suite 620, Austin, TX 78701-3218.
10. Upon information and belief, Defendant VRBO Inc. was in acquired in November 2006 and is now owned by Defendant HOMEAWAY INC, and Defendant Exclusive Properties, LLC, lists rental units through VRBO open to the public for rental.

## FACTUAL ALLEGATIONS

11. Plaintiff Stacie Whisonant is an African American female service connected disabled veteran who was seeking a rental unit through VRBO to rent for her 40th birthday celebration.

12. Beginning January 5, 2021, Plaintiff Whisonant began to make inquiries through Defendant VRBO's website regarding different properties located on the Isle of Palms, S.C.

13. After making a series of inquiries about different locations on the Isle of Palms, Plaintiff inquired through VRBO about the property located at 3908 Palm Blvd, Isle of Palms for April 9 -12, 2021, which had a listed price of $13,500.

14. On February 15, 2021, through VRBO, Defendant Exclusive Properties, LLC denied discounted accommodations to Plaintiff for April 9 -12, 2021, but directed Plaintiff to check back mid-March approximately 30 days from the desired date, when discounts may be available.

15. Plaintiff spoke on the phone to representatives of Exclusive Properties, LLC and after that phone call, on February 24, 2021, Plaintiff made an offer of $11,700 through her private email, for the property located at 3908 Palm Blvd, Isle of Palms for April 9 -12, 2021.

16. Plaintiff's email contains her LinkedIn address and her picture, showing her identify as an African American Female.

17. Defendant Exclusive Properties, LLC, gave a new response on February 24, 2021, once the email was received, that this was the last home available during the time period and **no discounts** could be accommodated at this time.

18. On February 22, 2021, however, a white male named Ross Kaplan, made a telephone inquiry regarding 3908 Palm Blvd, Isle of Palms for April 9 -12, 2021, and made an offer of $10,000.

19. Defendant Exclusive Properties then sent Ross Kaplan an email on February 22, 2021, offering him the property 3908 Palm Blvd, Isle of Palms for April 9 -12, 2021, at the discounted rate of $11,622.70.

20. Plaintiff Stacie Whisonant contacted VRBO regarding the blatant discrimination of Defendant Exclusive Properties, LLC, one of VRBO's agents or representatives who listed Isle of Palms Properties through VRBO's website.

21. VRBO contacted its agent or representative Defendant Exclusive Properties LLC regarding Plaintiff's complaint.

22. Defendant Exclusive Properties, LLC, provided no legitimate business reason for denying a rental discount to Plaintiff, a black woman, on February 24, 2021, but offering the same rental to a Caucasian male on February 22, 2021, at a discounted rate of $11,622,70, that was lower than Plaintiff's offer of $11,700.

23. VRBO took no further action to investigate or address Plaintiff's claims of discrimination or to suspend or relieve Defendant Exclusive Properties, LLC from use of VRBO site for booking.

24. As a result of the denied accommodation, for April 9 -12, 2021, Plaintiff had to cancel her plans and vendors she began securing including personal care vendors, catering vendors, tours, and transportation services.

25. This same injury has not been suffered by members outside of the protected class.

26. Defendants all operate as providers of public accommodations and provide the same services as rental properties, hotels, motels or lodgings.

27. Defendants' through their agents and/or representatives had no legitimate reason for denying Plaintiff accommodations in the pertinent vacation rental property in Isle of Palms when Defendants offered discounted accommodations to a Caucasian male for the same time period.

28. Any asserted reasons were a mere pretext for discrimination.

29. At all times pertinent to this action Defendants have not put in place policies and procedures to address grievances and complaints of racial discrimination brought by its customers against its agents, representatives, servants, or brokers which has could result in a continuous cycle flouting fundamental civil rights laws.

30. Plaintiff has suffered or will suffer attorney fees costs and is seeking compensation for nominal consequential and punitive damages as well as attorney fees and costs.

## COUNT 1
## VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964

31. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

32. Title II of the Civil Rights Act of 1964 explicitly prohibits discrimination in places

of public accommodation, such as hotels, motels, restaurants, movie theatres and sports arenas.

33. Defendants are an establishment affecting interstate commerce or supported in their activities by the State as places of public accommodation and lodgings.

34. Specifically, Defendants operate as is an inn, hotel, motel or other establishment, which provides lodging to transient guests.

35. Plaintiff Stacie Whisonant was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the public accommodation as defined in the sections of this count because of her race as an African American.

36. Similarly situated Caucasian guests were treated in a manner better than Plaintiff without valid non discriminatory explanation or cause.

37. Defendants' policies of allowing continuous marketing of vacation rentals despite denying certain classes of people for the same time blocks results in "selective contracting" which has the potential to disproportionately affect all members of the protected class, African Americans.

38. WHEREFORE, for the claim of Violation of Title II of the Civil Rights Act of 1964, Plaintiff, individually, and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

**COUNT II**
**VIOLATION OF FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C. § 1981**

39. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

40. By the above acts, Defendants violated 42 U.S.C § 1981 by discriminating against Plaintiff individually and others similarly situated because of her race as an African American [black].

41. Section 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts.

42. Section 1981 also guarantees enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

43. Plaintiff's use of the Defendants' service for housing accommodation falls under section 1981 protection.

44. Defendants' agent or employee refused to provide rental accommodations to Plaintiff because she was African American.

45. Defendants' agent, representative, servant or employee purposefully and intentionally discriminated against Plaintiff because of her race. Any reasons given by Defendants' agent were a mere pretext for discrimination.

46. Defendants' policies of allowing continuous marketing of vacation rentals despite denying certain classes of people for the same time blocks results in "selective contracting" which has the potential to disproportionately affect all members of the protected class, African Americans.

47. WHEREFORE, for the claim of violation of Federal Civil Rights Statute 42

U.S.C.§ 1981, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, punitive damages, prejudgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

**COUNT III**
**VIOLATION OF THE FAIR HOUSING ACT**

48. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

49. The Fair Housing Act prohibits discriminatory practices on the basis of race by housing agents for rental accommodations.

50. By the above acts, Defendants violated 42 U.S.C. § 3604(a), 3604(b), and, 3604 (d).

51. Specifically, Defendants' agent was not truthful in disclosing information concerning the availability of housing. Any reasons given by Defendants' agent were a mere pretext for discrimination

52. Plaintiff was the object of a misrepresentation made unlawful under the Fair Housing Act and suffered the precise injury that the statute was designed to guard against.

53. Defendants' policies of allowing continuous marketing of vacation rentals despite denying certain classes of people for the same time blocks results in "selective

contracting" which has the potential to disproportionately affect all members of the protected class, African Americans.

54. **WHEREFORE,** for the claim of violation of the Fair Housing Act, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

**COUNT IV**
**VIOLATION OF THE RIGHT TO EQUAL ENJOYMENT AND PRIVILEGES TO PUBLIC ACCOMMODATIONS ACT**

55. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

56. SC Code Section 49-9-10 mandates that every person is entitled to full enjoyment of described services and accommodations without discrimination on account of race, color, religion or national origin.

57. Defendants provide places of public accommodation as defined by SC Code Section 45-9-10 (B)(1), as Defendants provide establishments that provides lodging to transient guests, and the proprietors of these establishments do not occupy the establishments as their residence.

58. Defendants are agents of the establishment who possess a business license from the state to lawfully operate.

59. Plaintiff Stacie Whisonant was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the public accommodation as defined in the sections of this count because of her race as an African American.

60. Similarly situated Caucasian guests were treated in a manner better than Plaintiff without valid non discriminatory explanation or cause.

61. Defendants' policies of allowing continuous marketing of vacation rentals despite denying certain classes of people for the same time blocks results in "selective contracting" which has the potential to disproportionately affect all members of the protected class, African Americans.

62. Defendant exhausted administrative remedies against Defendant or agents of Defendants before filing suit.

63. WHEREFORE, for the claim of Violation of Title II of the Civil Rights Act of 1964, Plaintiff, individually, and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre judgment interest at the legal rate, post judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

PRAYER FOR RELIEF

WHEREFORE, Stacie Whisonant, prays for judgment in her favor and against Defendants for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, injunctive relief and such other and further relief as Plaintiff may be entitled to by bringing this action.

Respectfully Submitted,

WUKELA LAW FIRM

By: s/ Pheobe A. Clark

**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

April 12, 2022