# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Stacie Whisonant, | C/A. No. 2:22-1201-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Exclusive Properties, LLC, | |
| Defendant. | |

Before the Court is Defendant's motion for summary judgment (Dkt. No. 40). For the reasons set forth below, the Court denies Defendant's motion.

## I.    Background

Plaintiff asserts four causes of action in her lawsuit: (1) a violation of Title II of Civil Rights Act, 42 U.S.C. 2000a ("Title II"); (2) a violation of 42 U.S.C. § 1981; (3) a violation of the Fair Housing Act, 4 U.S.C. 3604(a), (b), and (d); and (4) a violation of the South Carolina Code § 45-9-10.

Plaintiff, who is African American, alleges that Defendant discriminated against her on account of her race regarding renting a house called the Sea Palace on Isle of Palms, South Carolina. The record establishes that Plaintiff contacted Defendant numerous times between January and February 2021 attempting to rent the Sea Palace and requesting "discounts" on account of being a disabled veteran. Then, on February 15, 2021, Plaintiff wrote Defendant asking to rent the Sea Palace from April 9-12, 2021 for 19 adults to celebrate her 40th birthday. (Dkt. No. 40-3). Plaintiff stated her budget was $9500 and Defendant responded that the date was one of the

last of the spring and that Defendant "need[ed] to stick with the listed rate" of about $13,500. (*Id.* at 1).

Plaintiff then had her friend Ross Kaplan, a white male, call Defendant and submit an offer on the property to Defendant. Kaplan offered around $10,000 and Defendant sent a written offer to Kaplan for $11,622.70. (Dkt. No. 40 at 4). Kaplan had indicated that he intended to rent the house for a "small, quiet group" and that he wanted to bring people from "the sales industry." (*Id.*).

Plaintiff then offered $11,700 to Defendant for the property, which Defendant declined.

Plaintiff argues that Defendant refused to offer her a "discount" on the property on account of her race. (Dkt. No. 41 at 6) ("Defendant cannot deny that an offer was made to a white male who was not disabled for a discounted price and no such offer was made to Plaintiff.")

Defendant now moves for summary judgment. (Dkt. Nos. 40, 43). Plaintiff opposes. (Dkt. No. 41).

Defendant's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate

2

there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**III.    Discussion**

Because Plaintiff has not presented any direct evidence of intentional discrimination by Defendant, she must proffer sufficient circumstantial evidence to satisfy the familiar *McDonnell Douglas* analytical framework. *See Murrell v. The Ocean Mecca Motel, Inc.,* 262 F.3d 253, 257 (4th Cir. 2001). Under this framework, the plaintiff must first establish a prima facie case of discrimination, the defendant may respond by producing evidence that it acted with a legitimate, nondiscriminatory reason, and then the plaintiff may adduce evidence showing that the defendant's proffered reason was mere pretext and that race was the real reason for the defendant's less favorable treatment of the plaintiff. *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 278 (4th Cir.2000). Although the respective evidentiary burdens shift back and forth under the framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981).

Applying the above and reading all facts in a light most favorable to Plaintiff, the Court denies Defendant's motion for summary judgment. Plaintiff has established a prima face case of discrimination, including that Defendant was aware of her race. And while Defendant puts forth business-related/practical arguments explaining its decision not to rent to Plaintiff despite her offering a higher price than Kaplan, Plaintiff notes Defendant's explanations for not renting her

the Sea Palace have varied over time, supporting an inference of pretext. *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 852–53 (4th Cir. 2001) ("Indeed, the fact that Sears has offered different justifications at different times for its failure to hire Santana is, in and of itself, probative of pretext.").

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment (Dkt. No. 40).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

June 28, 2024
Charleston, South Carolina